287 F.2d 376
 ST. HELENA PARISH SCHOOL BOARD et al., Appellants,
v.
Lawrence HALL et al., Appellees.
Mark Edward HARVIN, minor, by his parents and next friends,
Karl Harvin and Katherine Harvin et al., Appellants,
v.
Lawrence HALL et al., Appellees.
 No. 18523.
 United States Court of Appeals Fifth Circuit.
 Feb. 9, 1961, Rehearing Denied April 13, 1961.
 
 Jack P. F. Gremillion, Atty. Gen. of La., William P. Schuler, Asst. Atty. Gen. of La., James M. Barnett, (for Intervenor) Denham Springs, La., Duncan S. Kemp, Dist. Atty., Amite, La., Carroll Buck, First Asst. Atty. Gen., for appellants.
 A. P. Tureaud, New Orleans, La., Thurgood Marshall, New York City, for appellees.
 Before TUTTLE, Chief Judges, JONES, Circuit Judge, and MIZE, District judge.
 TUTTLE, Chief Judge.
 
 
 1
 The Parish School Board and the individual codefendant, the Superintendent of Parish Schools, appeal from a summary judgment granted to the appellee Negro students in the form of a permanent injunction against further operation of the public schools of the parish on a racially segregated basis. The order appealed from is in substantially the same terms as that entered by the District Court in the case of Bush et al. v. Orleans Parish School Board, 138 F.Supp. 337; affirmed by this court at 242 F.2d 156 and provided as follows:
 
 
 2
 'This cause having come on for hearing on the 29th day of April, 1960, on plaintiffs' motion for summary judgment, and the court being of the opinion that the motion for summary judgment should be granted.
 
 
 3
 'It is Ordered, Adjudged and Decreed that the defendant St. Helena Parish School Board, its agents, its servants, its employees and successors in office, and those acting in concert with them be, and they are hereby, restrained and enjoined from requiring segregation of the races in any school under their supervision, and from engaging in any and all action which limits or affects the admission to, attendance in, or education of plaintiffs or any other Negro child similarly situaged in schools under defendants' jurisidction on the basis of race and color, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed, as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.
 
 
 4
 'This Court retains jurisdiction of this cause for the purpose of entering such further orders or granting such further relief as may be necessary to bring about compliance with this decree.'
 
 
 5
 It will be noted that no date for the effective compliance with the order has been set. It is thus much in the nature of a judgment as a suit for declaratory judgment.
 
 
 6
 The basis of the appeal by the Parish School Board, urged here by the Board's attorney and the Attorney General of the State of Louisiana and his assistants is three-fold. The grounds as stated in the appellants' breif are:
 
 
 7
 'The lower Court erred in holding:
 
 
 8
 'I.
 
 
 9
 'That the St. Helena Parish School Board, an agency of the State of Louisiana, could be made a party defendant in this suit.
 
 
 10
 'II.
 
 
 11
 'That the complainants could seek relief in the District Court until such time as they had exhausted their administrative remedies.
 
 
 12
 'III.
 
 
 13
 'That the evidence before the Court justified the granting of a Summary Judgment.'
 
 
 14
 The appellants urge us to reconsider the express holding by this court in two previously decided cases to the effect that an action to restrain a school board or board of supervisors of a state educational institution is not a suit against the state of Louisiana and thus forbidden by the Eleventh Amendment of the United States Constitution. The two previous decisions in which we have held that suits similar to that which is now before the Court are permissible are Orleans Parish School Board v. Bush, 5 Cir., 242 F.2d 156, certiorari denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436, and Board of Superviosrs of Louisiana State University v. Fleming, 5 Cir., 265 F.2d 736, and see, dorsey v. State Athletic Commission, D.C.La., 168 F.Supp. 149, affirmed 359 U.S. 533, 79 S.Ct. 1137, 3 L.Ed.2d 1028. We think that the decisions in these cases were correct, and we decline the invitation to reverse them.
 
 
 15
 Turning to the next ground of appeal, we find that this contention has also been authoritatively answered several times by this court. We have repeatedly held that the adoption of a pupil placement law does not prevent the Negro students acting either individually and as members of a class from seeking a declaratory judgment of their right to have an and to a parish or other local school policy of racially segregated schools. As we said in the Orleans Parish School Board case, supra (242 F.2d 162): 'Appellees were not seeking specific assignment to particular schools. They, as Negro students, were seeking an end to a local school board rule that required segregation of all Negro students from all white students. As patrons of the Orleans Parish school system they are undoubtedly entitled to have the district court pass on their right to seek relief.' We there cited Jackson v. Rawdon, 5 Cir., 235 F.2d 93, certiorari denied 352 U.S. 925, 77 S.Ct. 221, 1 L.Ed.2d 160. See also Board of Supervisors of Louisiana State University v. Fleming, supra, 265 F.2d at page 738, and Mannings v. Board of Public Instruction of Hillsborough County, 5 Cir., 277 F.2d 370.
 
 
 16
 The third ground of appellants' appeal is that the state of the record did not permit the granting of a summary judgment.
 
 
 17
 The only arguments made by the appellants on this ground are:
 
 
 18
 'This matter was heard before the Court solely and exclusively upon the complaint filed September 4, 1952, and Judgment rendered on May 25, 1960, or nearly eight years later. Many changes took place during this time which could only have been gone into by actual trial.
 
 
 19
 'It is axiomatic that the Federal Courts will not decide a disputed factual situation on a motion for Summary Judgment.
 
 
 20
 'It is strongly urged that in view of the Jurisprudence the trial court should have refused to hear the matter on motion for summary judgment, and in failing to so do grossly exceeded any discretion that might be vested in it.'
 
 
 21
 Although they do not take the trouble to specify a single fact which they say is in dispute, appellants apparently seek to base this ground on the fact that in their original complaint, filed before the decision of the School Segregation Cases, Brown v. Board of Education of Topeka, Kansas, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and related cases, they sought relief on two grounds, and on one of them there is a factual issue. The first basis of the complaint was that the Negro schools in Helena Parish, Louisiana, were not physically equal to the white schools of the Parish and were thus not in keeping with the 'separate but equal' standard. The second ground was that the maintenance of racially segregated schools was inherently discriminatory. Appellants contend that since in their answer they denied the lack of physical equality between the Negro and white schools this makes an issue of fact which cannot be disposed of by summary judgment.
 
 
 22
 This argument overlooks the fact that the complaint also attacks the pattern of racial segregation in the St. Helena Parish School System as being in violation of the plaintiffs' Constitutional rights. Since the appellants would be entitled to injunctive relief upon either theory, it is immaterial that they have not gone forward to prove the existence of actual inequalities between two sets of schools. However, this fact is impliedly admitted by the answers of the defendants which said:
 
 
 23
 'That defendant herein, St. Helena Parish School Board, has at this time substantially corrected the inequalities and defects complained of by the plaintiffs herein, and are, at this time, attempting to completely eliminate any equality therein.'
 
 
 24
 Although the answer, filed some six years after the complaint was originally filed, denies the allegation of the complaint that the defendants 'are pursuing the policy, practice, custom and usage of establishing and maintaining separate schools for white and Negro children residing in St. Helena Parish,' there can be no actual doubt as to the correctness of this allegation in light of the Lousiana statutes in effect at the time of the entry of the judgment of the trial court. At that time Act 256 of the Legislature of 1956 empowered and authorized the governor to close any racially mixed public school and Act No. 249 of the Legislature of 1956, LSA-R.S. 17:443 denied teacher tenure protection to any teacher found guilty of 'advocating or in any manner * * * bringing about integration * * * within the public school system * * *'. Moreover, the Pupil Placement law, pleaded by appellants as depriving the trial court of the right to entertain this suit, provides in Section 7 as follows: 4k10Section 7. 'Any other provisions of law notwithstanding, no child shall be compelled to attend any school in which the races are commingled when a written objection of the parent or guardian has been filed with the school board. If in connection therewith a requested assignment or transfer is refused by the board, the parent or guardian may notify the board in writing that he is unwilling for the pupil to remain in the school to which assigned, and the assigment and further attendance of the pupil shall thereupon terminate; * * *' LSA-R.S. 17:107.
 
 
 25
 As to such a provision, this court has recently said in Boson v. Rippy, 5 Cir., 285 F.2d 43, 46 decided December 2, 1960. '(Such a provision) recognize(s) race as an absolute ground for the transfer of students, and its application might tend to perpetuate racial discrimination.' We therefore caused it to be removed from the plan of the Dallas, Texas School Board adopted for the purpose of complying with the Constitutional requirements. No effort was made by appellants to show that the St. Helena Parish School Board was operating in violation of these provisions, as set out in theLouisiana Statutes. So far as we know, none of these provisions has yet been expressly brought under attack and declared to be unconstitutional.
 
 
 26
 We conclude that on the record thus made the trial court properly found that there was no substantial issue of fact remaining for the trial, and the grant of summary judgment was authorized.
 
 
 27
 An appeal also has been filed in this case by Mark Edward Harvin by his parents asserting that he is a school child of the white race and that he has an absolute right to intervene to oppose the relief sought by the plaintiffs below. The trial court dismissed the petition for intervention.
 
 
 28
 The thrust of the argument of the unsuccessful intervenor is that as a patron of the school system he will be bound by the court's decision and that he therefore has a right for intervention under Rule 24 F.R.Civ.P., 28 U.S.C.A. which provides as follows:
 
 
 29
 '(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action * * *
 
 
 30
 '(2) When the representation of the applicant's interest by existing parties is or may be made inadequate and the applicant is or may be bound by a judgment in the action * * *.'
 
 
 31
 We agree with the trial court that the intervenor failed to make the showing that the representation of his interest in the litigation was or might be inadequate. We also conclude that no legally permissible basis for denying the relief sought in the complaint was pleaded of the intervenor. It was merely an effort of the intervenor to obtain a ruling in this trial court that the Supreme Court decision in the School Segregation case was erroneous. This the district court had no power to do.
 
 
 32
 We therefore conclude that it was not error for the trial court to dismiss the intervention.
 
 
 33
 The judgment is affirmed.