Karen Renee AUGUSTUS, a minor, by
Charles A. Augustus, her father and
next friend, et al., Plaintiffs,

v.

The SCHOOL BOARD OF ESCAMBIA
COUNTY, FLORIDA et al.,
Defendants.

No. PCA 1064.

United States District Court
N. D. Florida,
Pensacola Division.

April 4, 1969.

Theodore R. Bowers, Panama City,
Fla., and William L. Robinson, New
York City, for plaintiffs.

J. E. Holsberry, Pensacola, Fla., for
defendants.

S. Gunter Toney, Tallahassee, Fla., for
petitioners for intervention.

## ORDER

ARNOW, District Judge.

This matter comes on to be heard on
"Motion to Intervene as Defendants"
filed March 25, 1969. Extended argument of counsel has been heard.

At the outset it should be noted movants' counsel, in preparing the motion,
overlooked the changes made in Rules 23
and 24, Federal Rules of Civil Procedure, in 1966—counsel, at the hearing,
pointed this out and requested permission, which was granted, to amend the
motion in some respects. Such amendment served to bring the motion at least
more nearly in line with the present requirements of the rules.

The intervention is sought, however,
as defendants, when apparently movants
fall in the class of plaintiffs. In effect,
both movants and the plaintiffs present
claims against the school board; neither
plaintiffs nor movants have, or could
seek, here relief from each other. In
addition, movants attempted intervention on behalf of a class of white and
Negro students, when plaintiffs have already here a class suit for Negro students, and attempted intervention also
as a class of taxpayers, when movants
appear as minors, by their next friends,
and when any taxpayers' interests, if

any, involved here are not delineated, leave the basis of intervention unclear.

Movants apparently seek, through court order, the substitution· of their judgment for that of the defendant board, without even attempt to show that the board's action is arbitrary or unreasonable—or, for that matter, that the board is required by law to follow their desires, and, of course, it is not.

■■ They seek intervention also at a late date in this matter. This suit has, of course, been pending for several years; the order of this court requiring defendants to formulate and adopt a desegregation plan in accordance with the law as set out by the Supreme Court of the United States in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), and subsequent decisions of the United States Court of Appeals for the Fifth Circuit, was entered January 23, 1969; the matter is set for final hearing on April 10, 1969. Intervention must be timely; it may not unduly delay adjudication. Movants, through their counsel, advise they have no intention of delaying adjudication, yet necessarily some delay might be incurred.

Movants claim inadequate representation of their interest; such claim is not supported by the record. The responsibility of providing a unitary school system is on this defendant board, as the representative of all of the people of the county. To say that it, in seeking to discharge its difficult obligation, has given movants inadequate representation because it has not presented a solution with which they agree, and has not urged the preservation of the plan presently in effect, does not establish inadequate representation. Particularly is this true where, as hereafter pointed out, movants' argument of inadequate representation goes to a claim or defense lacking in merit.

The foregoing, of course, indicates this motion should, without more, be denied. But at least some of these defects are technical and possibly amendable. There are other serious defects going to substance here presented, and on them the court bottoms the finality of its denial of this motion.

Movants' counsel stated in argument before the court that there "is really one basic issue that exists in all of my defenses, and that is whether or not the record supports a finding that segregation, if we still have segregation in Escambia County, is de jure." The plain and simple truth, clearly apparent from the record here, is that the freedom of ·choice plan adopted by the board in April of 1967 has not worked. A substantial number of schools are this year attended only by Negro students and a substantial number only by white students. In most of the rest there has been only token integration; in only a few has there been anything resembling substantial integration. Nor has there been any faculty integration. Under current decisions of the appellate courts, there is here, as a matter of law, requiring no other evidence, unlawful segregation.

In not arguing otherwise, movants to the contrary notwithstanding, the defendant board refrained, though perhaps reluctantly,* from an exercise in futility.

Nor is the good faith of the school board here at issue. Involved only is the question whether the freedom of choice plan now in existence, adopted by the board in 1967 in compliance with then-existing decisions, has produced a unitary school system. As it has not done so, a plan that will do that, and do it now, must be placed into effect.

■ Movants' arguments concerning the legal effect of *Green* and various United States Court of Appeals for the Fifth Circuit decisions, are without mer-

---

* Or at least, so it would appear from their counsel's argument, taking blame for the board's failure to do so, stressing the pressure on the board, welcoming help and re- questing granting of this intervention, without presenting any argument going to its merit, or lack of merit, in law.

it. The thrust of these decisions is clear. Under them, school boards are required to take affirmative action to provide a unitary school system—as one decision puts it, a system in which there are no white or Negro schools, but just schools. Under them, given a choice of alternatives, a school board should draw zone lines, locate new schools, consolidate and pair schools, change feeder patterns and resort to any other measures that will reduce and eliminate the effect of past patterns tending to maintain segregation or token desegregation. Moreover, time has run out; the time is now. As *Green* puts it, "delays are no longer tolerable—[and] a plan that at this late date fails to provide meaningful assurance of prompt and effective disestablishment of a dual system is also intolerable."

It seems evident these court decisions have, also, the approval of the majority of the people of this nation. In them all ultimate power rests. The effect of any court decision may be changed by constitutional amendment. Yet in the fifteen years since the *Brown* decision, there has been no amendment changing it, nor, for that matter, so far as this court knows, has any such amendment even been seriously considered or proposed by any substantial number of people.

Required here is that the school board, grappling with this problem, and others interested or concerned, face up to reality. It seems apparent the board has done that, and equally apparent movants have not.

The proposed pleading accompanying the motion for intervention required by the rule must state a good claim or defense. 2 Barron & Holtzoff—Federal Practice and Procedure, § 603. The pleading here presented in effect contains nothing but legal arguments delineating movants' contentions respecting the law. Such have been carefully considered; each contention advanced has, in the judgment of this court, been determined adversely to movants by decisions of the United States Court of Appeals for the Fifth Circuit or the Supreme Court of the United States. In final analysis, movants seek permission to ask this Court to do something it is powerless to do, even were it so inclined, and that is enter ruling that these decisions are erroneous. For that reason, alone, this intervention must be denied and dismissed. St. Helena Parish School Board v. Hall, 287 F.2d 376 (5 Cir. 1961); Allen v. County School Board of Prince Edward County, 164 F. Supp. 786 (E.D.Va.1958).

In brief summary, there may be doubt whether movants come here too late; there is no doubt they come with far too little.

It is, therefore,

Ordered that "Motion to Intervene as Defendants" filed herein on March 25, 1969, is denied, and such intervention is denied and dismissed.