**Jerry J. ACUFF et al., Appellants,**

v.

**UNITED PAPERMAKERS AND PAPER-WORKERS, AFL–CIO, et al.,**
**Appellees.**

**No. 26051.**

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1466.

---

1. Contra Schwartz v. Northern Life Insurance Co., 25 F.2d 555 (9 Cir., 1928),

cert. den. 278 U.S. 628, 49 S.Ct. 29, 73 L.Ed. 547.

James C. Wood, Simon & Wood, Mobile, Ala., for appellants.

Willis C. Darby, Jr., Mobile, Ala., Warren Woods, Washington, D. C., for appellee Unions.

Marshall J. DeMouy, John Grow, Mobile, Ala., for appellee, Scott Paper Co., Armbrecht, Jackson & DeMouy, Mobile, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE,* Circuit Judges.

McENTEE, Circuit Judge:

This is an appeal from the denial of a motion to intervene in a suit to compel arbitration brought under § 301 of the Labor Management Relations Act. 29 U.S.C. § 185.

During November 1966 an unauthorized work stoppage occurred at the plant of the Scott Paper Company, (the Company) in Mobile, Alabama. As a consequence the Company discharged some sixty-three employees a few weeks later. After the Company refused the Union's demand to arbitrate these dismissals certain affiliates of the AFL–CIO (the Union) brought this suit to compel arbitration.[1] Eventually the Company entered into a stipulation with the Union to arbitrate; whereupon the district court ordered the parties to proceed to arbitration but retained jurisdiction over the cause.

The arbitrator denied the grievance of sixteen employees because of their conduct in connection with the illegal strike. He further ordered that the discharge of the other employees be reduced to disciplinary layoff and each such employee was reinstated without loss of seniority but with no back pay. After the issuance of the arbitrator's award, the employees whose grievances were denied entirely and certain of those whose grievances were denied in part filed motions to

---

* From the First Circuit, sitting by designation.

1. According to the current collective bargaining agreement, the Union was the exclusive representative of all production and maintenance employees; strikes and lock-outs were prohibited; disputes or complaints were to be settled by arbitration.

intervene, together with complaints and motions to vacate the arbitration award.[2] The district court denied the motions to intervene and this appeal followed.

■■ The issue in this case is fundamental, yet simple. In order to effectuate the purposes of the labor statutes employees are empowered to organize. This, of course, has resulted in enormous benefits but entails certain burdens as well. One of these is that to some extent the interests of particular individuals are subordinated to the interests of the group both at the contract negotiation stage and thereafter. Local Union No. 12, United Rubber Cork, Linoleum and Plastic Workers of America, A.F.L.-C.I.O. v. N. L. R. B., 5 Cir., 1966, 368 F. 2d 12, 17. This is necessary if a union is to function efficiently As a result, a union may properly determine not to pursue a member's grievance to the arbitration stage at all. "If the individual employee could compel arbitration of his grievance regardless of its merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation." Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed. 2d 842 (1967). It would be paradoxical in the extreme if the union, which is authorized to decide whether a grievance is to be pursued to the arbitration stage at all, could not be authorized to assume full responsibility for a grievance it did pursue, without the intervention of the individual union members immediately concerned.

■■ This is not to say, however, that we would afford no relief even if a union in refusing to pursue a grievance or in its manner of advocacy were motivated by animus against an individual union member. But a "breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, supra at 190, 87 S.Ct. at 916. Certainly this is not such a case. Nothing is alleged that plausibly suggests bad faith on the part of the Union. The Union pursued the grievance with energy and indeed, in large measure, with success. The employees cannot equate lack of complete success with bad faith any more than they could if their own lawyers had been involved.[3]

Not only were appellants represented in good faith, indeed the representation was adequate.[4] Rule 24(a), however, relied on by appellants, specifies that there can be no intervention as of right

2. In their motions to intervene the employees invoked Fed.R.Civ.P. 24(a) "in order to assert the claim set forth in their proposed complaint." The complaint in turn suggests that the action arises under 9 U.S.C. § 10. This section, however, speaks of vacation of an award "upon the application of any party to the arbitration." Since the Union and the Company, not the employees, were parties to the arbitration, this jurisdictional allegation is clearly deficient. But where intervention is as of right no independent ground of jurisdiction need be asserted. 4 J. Moore, Federal Practice 24.18, at 135-36.

The employees here seek to intervene because they claim that their "interests have and may continue to be inadequately represented by the present plaintiffs." We note, however, that there is no such allegation in their complaints.

3. Similarly, it is a different case if the interests of different groups of employees are in irreconcilable conflict. See Clark v. Hein-Werner Corp., 8 Wis.2d 264, 99 N.W.2d 132, 100 N.W.2d 317 (1960). Here the Union could have and, as far as the record reveals, did defend the rights of all the employees with equal zeal.

4. We cannot accept appellants' contention that the failure of the Union to contest the arbitrator's award in the district court is conclusive of inadequate representation. The grievance procedure is designed to promote industrial harmony. Chaos rather than harmony would result if the Union were compelled under the guise of "adequate representation" to pursue every grievance to arbitration and to challenge every less than completely favorable arbitrator's award in the district court.

if the applicant's interest is adequately represented by existing parties. See Sam Fox Publishing Co. v. United States, 366 U.S. 683, 688, 81 S.Ct. 1309, 6 L.Ed. 2d 604 (1961).[5]

■ Further, rule 24 in no way speaks to the matter *sub judice*. The collective bargaining agent is the exclusive representative of the unit. See 29 U.S.C. § 159(a). Thus, cases such as this differ entirely from situations in which intervention is ordinarily appropriate. The right to arbitration is an incident not of the employment relationship as such but of the collective bargaining relationship. See United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Under this agreement it is the Union and the Company that have the right to demand arbitration. Thus, they have the right to conduct the arbitration as well.

Appeal dismissed.

---

5. Cf. St. Helena Parish School Board v. Hall, 5 Cir., 287 F.2d 376, cert. denied, 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961). In that action by Negro students seeking an injunction against the operation of racially segregated schools, it was held that a white child had failed to make a showing that representation of his interest was or might be inadequate for purposes of intervention as or right. This case was decided before the most recent amendments to Rule 24 but we think that the same result would be required under the new language. See Hobson v. Hansen, D.D.C.1968, 44 FRD 18, 30.