Parvin KATIR, Petitioner,

v.

COLUMBIA UNIVERSITY, Respondent.

No. 92 Civ. 6756 (MGC).

United States District Court,
S.D. New York.

May 18, 1993.

Parvin Katir, pro se.

Putney, Twombly, Hall & Hirson, New York City by Joseph R. Parauda and Michael T. McGrath, for respondent.

## *MEMORANDUM OPINION AND ORDER*

CEDARBAUM, District Judge.

Petitioner Parvin Katir sues to vacate an arbitration award ("the Award") on the

grounds that the arbitrator showed partiality and the Award was the result of corruption, fraud or misconduct. Katir does not allege that Supporting Staff Association, Local 693 S.E.I.U. ("the Union") breached its duty of fair representation.

Respondent Columbia University moves for summary judgment dismissing the petition. Columbia's principal contention is that Katir, who was not a party to the arbitration and does not allege that the Union breached its duty of fair representation, lacks standing to challenge the Award. Columbia also argues that there are no grounds for vacating the Award. For the reasons discussed below, the motion is granted.

On April 10, 1990, Katir, a research assistant, was discharged by Columbia. Pursuant to the collective bargaining agreement between Columbia and the Union, the Union filed a grievance challenging the discharge and demanded arbitration. On May 14, 1992, after a four-day hearing, Arbitrator Roger Maher issued the Award in which he determined that Katir was discharged for just cause.

Katir commenced this action in the Supreme Court of the State of New York pursuant to C.P.L.R. § 7511. Columbia removed the action to this court pursuant to 28 U.S.C. § 1441.

■ Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 gives federal district courts jurisdiction over suits for violation of labor contracts. An action to vacate an arbitration award falls within the statute, *Kallen v. Dist. 1199, Nat'l Union of Hospital & Health Care Employees*, 574 F.2d 723, 725 (2d Cir.1978); *General Contractors Ass'n. v. Metallic Lathers' Union Local 46*, 113 L.R.R.M. 2626, 1982 WL 2117 (S.D.N.Y. 1982), and is governed by federal law. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560–61, 88 S.Ct. 1235, 1237–38, 20 L.Ed.2d 126 (1968) (citations omitted). Therefore, while the petition to vacate refers to C.P.L.R. § 7511, the New York arbitration statute, the

Arbitration Act, 9 U.S.C. § 1 *et seq.* governs Katir's claim.

■ Section 10 of the Arbitration Act provides that a district court may vacate an arbitration award "upon the application of any party to the arbitration."

In accordance with the collective bargaining agreement, the parties to the arbitration were Columbia and the Union. Because Katir was not a party to the arbitration, she lacks standing to petition to vacate the Award. *Lofton v. U.S. Postal Service*, 592 F.Supp. 36 (S.D.N.Y.1984); *U.S. Postal Service v. American Postal Workers Union*, 564 F.Supp. 545 (S.D.N.Y.1983) (postal service employee whose discharge was the subject of the arbitration lacked standing under 9 U.S.C. § 11[1] to seek modification of the arbitration award because the union and the Postal Service were the sole parties to the arbitration); *see Acuff v. United Papermakers & Paperworkers, AFL–CIO*, 404 F.2d 169, 171, n. 2 (5th Cir.1968), *cert. denied*, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762 (1969) (employees whose grievances were denied lacked standing under 9 U.S.C. § 10 to seek to vacate the arbitration award because the union and the company, not the employees, were parties to the arbitration); *cf. Dundas Shipping & Trading Co. v. Stravelakis Bros.*, 508 F.Supp. 1000, 1003 (S.D.N.Y.1981) (company which was not a party to the arbitration lacked standing to move to vacate the award).

An employee who is not a party to an arbitration may have standing to challenge an arbitration award in an action against her employer for breach of a collective bargaining agreement, provided the employee can show that the union breached its duty of fair representation in connection with the arbitration proceeding. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983) (citations omitted).

In the absence of an allegation that the Union breached its duty of fair representation, Katir lacks standing to challenge the

---

**1.** Section 11, like § 10, requires that an application to modify an arbitration award be made by a
"party to the arbitration."

Award. Therefore, it is unnecessary to address Columbia's contention that there are no grounds for vacating the Award.

For the foregoing reasons, Columbia's motion is granted and the petition is dismissed.

SO ORDERED.