[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10497
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-61864-JIC


JOHN D. MARSHALL,
JOHN MARSHALL PROPERTIES, INC.,
PALM COAST COLLECTIBLES, INC.,
MARSHALL FAMILY EDUCATION TRUST,
HISPANIC AMERICAN FOUNDATION,

                                        Plaintiffs - Appellants,

versus

WELLS FARGO ADVISORS, LLC, formerly known as
WACHOVIA SECURITIES, LLC,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 13, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Marshall Properties Inc., Palm Coast Collectibles, Inc., Hispanic America Foundation, Inc. ("Corporations"), Marshall Family Education Trust ("Trust") and John D. Marshall, Sr. (Marshall) brought this action to vacate an arbitration award in favor of Wells Fargo Advisors, LLC, f/k/a Wachovia Securities, LLC's ("Wells Fargo").  Wells Fargo moved to strike the Corporations and the Trust from the complaint because they are not represented by an attorney, but proceed pro se instead.  Wells Fargo moved to dismiss the complaint to the extent that it is brought by Marshall because he lacks standing to sue since he was not a party in the arbitration proceeding and thus is not a party to the award.

The District Court granted Wells Fargo's motions to strike and to dismiss, and the complaining parties appeal.  We affirm.

As the Court properly held:

> The Corporations and the Trust "can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). "It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993).
> . . . .
> In addition, "a trust, like a corporation, must be represented by an attorney." Walker v. Schentrup, No. 1:13-CV-59-MW/GRJ, 2014 WL 1379638, at *3 (N.D. Fla. Apr. 7, 2014).

2

Doc. 27 at 4.  The Court informed the Corporations and the Trust that they would be dismissed unless they obtained counsel.  They failed to obtain counsel; therefore, they were properly dismissed from the case.  *Palazzo*, 764 F.2d at 1388.

> The Court properly dismissed Marshall for lack of standing.
>
> The validity of an arbitration agreement is typically governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"). Under 9 U.S.C. § 10(a), "any party to [an] arbitration" may seek to vacate an arbitration award. However, by the express terms of the statute, a nonparty to the arbitration generally has no standing to challenge the award. See, e.g., See More Light Invs. v. Morgan Stanley DW Inc., No. CV-08-580-PHX-MHM, 2008 WL 5044557, at *2 (D. Ariz. Nov. 24, 2008) ("As a non-party to the underlying arbitration, [plaintiff] lacks standing to challenge it."); Meshkin v. Vertrue Inc., No. 3:07CV109CFD, 2007 WL 2462172, at *2 (D. Conn. Aug. 28, 2007) ("[A] non-party to the arbitration may not seek to overturn its outcome."); Katir v. Columbia Univ., 821 F. Supp. 900, 901 (S.D.N.Y. 1993) ("Because [the plaintiff] was not a party to the arbitration, she lacks standing to petition to vacate the Award.").

*Id.* at 5.

> AFFIRMED.