### BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY, Etc., et al., Appellants,

v.

### Wilson FLEMING, Jr., et al., Appellees.

### No. 17556.

United States Court of Appeals
Fifth Circuit.

April 23, 1959.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This appeal is from the district court's judgment enjoining the Board of Supervisors of Louisiana State University and Agricultural & Mechanical College, Theo F. Cangelosi, Acting Chairman of the Board of Supervisors, Troy H. Middleton, President of the University and W. R. Burleson, Registrar of the Louisiana State University in New Orleans, from denying the appellees and members of their class admission to Louisiana State University in New Orleans.

 Appellants contend that the rule set forth in Ex parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, however applicable to state officials as individuals, cannot be extended to the Board of Supervisors of Louisiana State University. They argue that the Board is a special agency of the state and a suit against the Board, in effect, would be a suit against the State of Louisiana contrary to the Eleventh Amendment. This Court held to the contrary in Orleans Parish School Board v. Bush, 5 Cir., 1957, 242 F.2d 156. See also Dorsey v. State Athletic Commission, D.C.La. 1958, 168 F.Supp. 149. We agree with the Fourth Circuit in School Board of City of Charlottesville, Va. v. Allen, 4 Cir., 1956, 240 F.2d 59, 63:

> "If high officials of the state and of the federal government, * * * may be restrained and enjoined from unconstitutional action, we see no reason why a school board should be exempt from such suit merely because it has been given corporate powers. A state can act only through agents; and whether the agent be an individual officer or a corporate agency, it ceases to represent the state when it attempts to use state power in violation of the Constitution and may be enjoined from such unconstitutional action."

Louisiana Land & Exploration Co. v. State Mineral Board, 5 Cir., 1956, 229

William M. Shaw, Homer, La., Jack P. F. Gremillion, Atty. Gen., James R. Fuller, Lawrence W. Brooks, C. V. Porter, Baton Rouge, La., William P. Schuler, New Orleans, La., George M. Ponder, First Asst. Atty. Gen., for appellants.

A. P. Tureaud, New Orleans, La., U. Simpson Tate, Dallas, Tex., Thurgood Marshall, New York City, Ernest N. Morial, A. M. Trudeau, Jr., New Orleans, La., Constance Baker Motley, New York City, for appellees.

F.2d 5 is distinguishable. In that case the acts complained of were done pursuant to valid statutory authority.

■■ The argument that the appellees failed to exhaust their administrative remedies before instituting this suit is not tenable in view of the decision of the institution, evidenced by two letters from the Registrar, that "the policy of the Board ₒ * * * does not permit * * * admission [of negroes]". The law does not require the doing of a vain and useless thing. Gibson v. Board of Public Instruction of Dade County, 5 Cir., 1957, 246 F.2d 913; Orleans Parish School Board v. Bush, 5 Cir., 1957, 242 F.2d 156; Kelly v. Board of Education of City of Nashville, D.C.Tenn.1958, 159 F.Supp. 272.

The judgment is
Affirmed.