**LOUISIANA STATE BOARD OF EDUCATION, Nash Roberts, President et al., Appellants,**

v.

**Samuel ALLEN et al., Appellees.**

**No. 18522.**

United States Court of Appeals Fifth Circuit.

Feb. 9, 1961.

Rehearing Denied April 13, 1961.

---

William P. Schuler, Asst. Atty. Gen. of Louisiana, Jack P. F. Gremillion, Atty. Gen., Carroll Buck, First Asst. Atty. Gen., George M. Ponder, Asst. Atty. Gen., for appellants.

A. P. Tureaud, New Orleans, La., Thurgood Marshall, Constance Baker Motley, New York City, A. M. Trudeau, Jr., Ernest N. Morial, New Orleans, La., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MIZE, District Judge.

PER CURIAM.

The appellant, the Louisiana State Board of Education, is a body corporate under the laws of Louisiana.[1] It was originally provided that as a corporate body, the Board might sue and be sued. We are informed that this authorization has been withdrawn. The appellees, Negroes, brought a class suit alleging that the appellant Board refused to admit them as students in the Shreveport Trades School because of their race and color. The appellees moved for Summary Judgment. In the Introduction to the "Learn by Doing" bulletin of the School it was stated that it was created and established "for the education of the white people of the State of Louisiana". Among the courses listed were those for the training of barbers and sheet metal workers.

---

**6.** Rule 15(b), F.R.Civ.P. 28 U.S.C.A.

**1.** LSA–R.S. 17:2.

Two of the Negroes applied for training to become barbers, two sought to take courses to become dental assistants, and one desired to be trained as a sheet metal worker. Affidavits showed that all were told, when they applied for admission, that the School was for white students only. In contesting the motion for summary judgment the Board submitted affidavits reciting that the applicants for barber training had not obtained approval of the Louisiana State Board of Barber Examiners, that there were no openings in the Shreveport area for colored sheet metal workers, and that it had been decided to discontinue the course of training for dental assistants. By other affidavits filed for the appellees it was shown that Board approval was not required of white applicants for barber training and that applications for training were, at the time the colored applicants were rejected, being accepted from white applicants for training as dental assistants. The district court granted the motion for summary judgment. This appeal is from that judgment.

The appellants contend that there were issues of fact to be tried and hence the granting of a summary judgment was error. We find no merit in this contention.

The appellants make the further contention that the Louisiana State Board of Education is an agency of the State and that, as such, it cannot be sued without the consent of the State. Prior decisions have resolved this question against the contention made by the appellants. Orleans Parish School Board v. Bush, 5 Cir., 1957, 242 F.2d 156, certiorari denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436; Board of Supervisors of Louisiana State University v. Fleming, 5 Cir., 1959, 265 F.2d 736. See also Evans v. Louisiana State Board of Education, La.App., 85 So.2d 669.

We find no error in the entry of the district court's judgment. It is

Affirmed.