**Sarah Louise McCOY, on behalf of herself and others similarly situated, Appellant,**

v.

**LOUISIANA STATE BOARD OF EDUCATION et al., Appellees.**

**No. 21567.**

United States Court of Appeals
Fifth Circuit.

June 5, 1964.

---

RIVES, Circuit Judge.

This is a motion for an injunction to be entered by this court pending our consideration on the merits of an appeal from an order of the District Court for the Eastern District of Louisiana, 229 F.Supp. 735, denying appellant's motion for a preliminary injunction and dismissing from the suit the Louisiana State Board of Education.

Appellant, a Negro woman of twenty-two years, is a native born citizen of the United States, born in Monroe, Louisiana, where she now resides. After graduating from high school in 1960, she sought admission to Northeast Louisiana State College, a state supported institution in Monroe, limited by state law to white students. See Louisiana Act No. 527, Section 1 (1950). She has made repeated attempts to gain admission to the college several times from 1960 to the present to no avail.

Appellant filed this suit on January 17, 1964, against the Louisiana State Board of Education, which administers the affairs of the college, and against other named state and school officials. The action was brought on her behalf and on behalf of other Negro citizens similarly situated and prayed injunctive relief preventing the Board and those officials from acting pursuant to Louisiana Act No. 527 of 1950, which limits attendance at the college to white persons, and from refusing her admission to the college for the second semester of the 1963–64 school year. On February 14, a hearing was held on appellant's motion for a preliminary injunction. School officials testified that there was no reason for appellant's rejection other than the belief that state law prohibits the college from accepting a Negro. No decision was rendered on this motion until May 18, three days after a petition for writ of mandamus had been filed with this court to require the district court to make a ruling. The district court dismissed the suit as to the Louisiana State Board of Education and ruled that the individual members of the Board are necessary and in-

Norman Amaker, New York City, A. P. Tureaud, New Orleans, La., for appellant.

Jack P. F. Gremillion, Atty. Gen. of La., William P. Schuler, George Ponder, Asst. Attys. Gen. of La., Baton Rouge, La., for appellees.

Before HUTCHESON and RIVES, Circuit Judges, and GROOMS, District Judge.

dispensable parties, giving appellant sixty days in which to join them. However, the summer session which appellant desires to attend will begin on June 10, 1964.

In view of the short time remaining until the start of the summer session, it is clear that the practical effect of the district court's order was to deny the preliminary injunction. Thus the order is appealable under 28 U.S.C. § 1292(a) or 28 U.S.C. § 1291. Cf. United States v. Wood, 5 Cir., 1961, 295 F.2d 772; Kennedy v. Lynd, 5th Cir. 1962, 306 F.2d 222, 228.

The district court held that since Art. XIX, Sec. 26 of the Louisiana Constitution, as amended in 1956, LSA, makes the State Board of Education a "special agency" of the State of Louisiana and withdraws consent to be sued, the State Board of Education was immune from suit except as against the individual members thereof. The district court was aware that this circuit has expressly rejected this same contention in Orleans Parish School Board v. Bush, 5 Cir., 1957, 242 F.2d 156, 160–161; cert. denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436; Board of Supervisors of L.S.U. v. Ludley, 5 Cir., 1958, 252 F.2d 372, 375–376, cert. denied 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61; Board of Supervisors of L.S.U. v. Fleming, 5th Cir. 1959, 265 F.2d 736, 737–738; Louisiana State Board of Education v. Allen, 5 Cir., 1961, 287 F.2d 32, 33, cert. denied 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33; Louisiana State Board of Education v. Angel, 5 Cir., 1961, 287 F.2d 33, 34, but it declined to follow these cases since it was of the opinion that they are contrary to Ex parte Young, 1907, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, and the Eleventh Amendment. Five times this court has held that there is no immunity for a state agency from a suit to enjoin it from enforcing an unconstitutional statute which requires segregation of the races and that the individual members of the Board need not be joined. The Supreme Court has recently indicated agreement. See Griffin v. County School Board of Prince Edward County, 84 S.Ct. 1226. See also Dorsey v. State Athletic Commission, 359 U.S. 533, 79 S.Ct. 1137, 3 L.Ed.2d 1028, affirming D.C., 168 F.Supp. 149, 151, (1958). We see no reason why this court (or the district court) should depart from our previous holdings.

Unless an injunction pending appeal is granted, appellant will be denied her constitutional rights for another school term or longer. As the Supreme Court recently stated: "There has been entirely too much deliberation and not enough speed in enforcing the constitutional rights which we held in Brown v. Board of Education, supra, had been denied * * *." Griffin v. County School Board, supra. Following the procedure we employed in Stell v. Savannah-Chatham County Board of Education, 5 Cir., 1963, 318 F.2d 425, and Armstrong v. Board of Education, 5 Cir., 1963, 323 F.2d 333, it is therefore ORDERED that the District Court for the Eastern District of Louisiana, Baton Rouge Division, enter the following judgment and order:

"The defendant, Louisiana State Board of Education, and the other defendants (naming them specifically) and their agents, servants, employees, successors in office and those in concert with them who shall receive notice of this order, be, and they are hereby, restrained and enjoined from refusing to admit the plaintiff, Sarah Louise McCoy, and others similarly situated to Northeast Louisiana State College at Monroe, Louisiana, beginning with the 1964 summer session on exactly the same terms and conditions that are applied to white applicants to the college; and from making any distinction based on race or color with respect to plaintiff and others similarly situated in admission to or continuance in Northeast Louisiana State College ·beginning with the 1964 summer session and thereafter."

**918**

This order shall remain in effect until the final determination of the appeal of the above-styled case in the Court of Appeals for the Fifth Circuit on the merits, and until the further order of this court. During the pendency of this order, the district court is further directed to enter such other and further orders as may be appropriate or necessary in carrying out the expressed terms of this order.

In view of the short time remaining until the beginning of the 1964 summer session, it is ordered that the mandate issue forthwith.

Motion granted.