## LOUISIANA STATE BOARD OF EDUCATION et al., Appellants,

v.

### Edward BAKER et al., Appellees.

### No. 21138.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1964.

William P. Schuler, Asst. Atty. Gen., Arabi, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., George M. Ponder, Asst. Atty. Gen., for appellants.

A. P. Tureaud, New Orleans, La., A. M. Trudeau, Jr., Ernest N. Morial, New Orleans, for appellees.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

WISDOM, Circuit Judge:

■■ Six times in recent years the Attorney General of Louisiana has contended in a "school segregation" case that the Eleventh Amendment shields the State and its agencies from being sued without the consent of the State. Ex parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, is no stranger to the Attorney General of Louisiana, but he takes the stand that the Ex parte Young doctrine is limited to actions against individual public officials and does not apply to an action against a State agency. Again we reject this notion. We hold that the Eleventh Amendment provides no haven for a state agency when it violates federally protected constitutional rights.

The plaintiffs, Negroes seeking admission to Nicholls State College in Thibodaux, Louisiana, filed suit against The Francis T. Nicholls State College; its President, Vernon F. Galliano; its registrar, James Lynn Powell; Louisiana State Board of Education; William J. Dodd, its President; and Shelby M. Jackson, its Secretary. The district judge issued a preliminary injunction, enjoining the defendants from refusing to admit appellees or members of their class to Nicholls State College solely on the basis of their race. On appeal, the defendants contend that the court has no jurisdiction over Nicholls State College and the Louisiana State Board of Education.

We answered this contention in McCoy v. Louisiana State Board of Education, 5 Cir. 1964, 332 F.2d 915, in these words:

"The district court held that since Art. XIX, Sec. 26 of the Louisiana Constitution, as amended in 1956, LSA, makes the State Board of Education a 'special agency' of the State of Louisiana and withdraws consent to be sued, the State Board of Education was immune from suit except as against the individual members thereof. The district court was aware that this circuit has expressly rejected this same contention in Orleans Parish School Board v. Bush, 5 Cir., 1957, 242 F.2d 156, 160–161; cert. denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436; Board of Supervisors of L. S. U. v. Ludley, 5 Cir., 1958, 252 F.2d 372, 375–376, cert. denied 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61; Board of Supervisors of L. S. U. v. Fleming, 5 Cir. 1959, 265 F.2d 736, 737–738; Louisiana State Board of Education v. Allen, 5 Cir., 1961, 287 F.2d 32, 33, cert. denied 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33; Louisiana State Board of Education v. Angel, 5 Cir., 1961, 287 F.2d 33, 34, but it declined to follow these cases since it was of the opinion that they are contrary to Ex Parte Young, 1907, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, and the Eleventh Amendment. Five times this court has held that there is no immunity for a state agency from a suit to enjoin it from enforcing an unconstitutional statute which requires segregation of the races and that the individual members of the Board need not be joined. The Supreme Court has recently indicated agreement. See Griffin v. County School Board of Prince Edward County, [377 U.S. 218] 84 S.Ct. 1226, [12 L.Ed.2d 256.] See also Dorsey v. State Athletic Commission, 359 U.S. 533, 79 S.Ct. 1137, 3 L.Ed.2d 1028, affirming D.C., 168 F.Supp. 149, 151, (1958). We see no reason why this court (or the district court) should depart from our previous holdings."

The Attorney General points out that McCoy and all the decisions cited in McCoy are "segregation" cases. He asserts that in all other types of cases the Eleventh Amendment protects the State from a suit against a state board sued as an entity, citing, among other cases, Hans v. State of Louisiana, 1898, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; Georgia R. R. & Banking Co. v. Redwine, 1952, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335; Ex parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714; J. Ray McDermott & Co. v. Department of Highways, 5 Cir. 1959, 267 F.2d 317, cert. denied 361 U.S. 914, 80 S.Ct. 259, 4 L.Ed.2d 184; Louisiana Land & Exploration Co. v. State Mineral Board, 5 Cir. 1956, 229 F.2d 5, cert. denied 351 U.S. 965, 76 S.Ct. 1029, 100 L.Ed. 1485.

The principle we stated in McCoy and reaffirm here is not a special dispensation for a class of preferred litigants; litigants in civil rights cases stand on the same footing as other litigants. The Attorney General of Louisiana misunderstands the Ex parte Young doctrine. In the foundation case, Edward T. Young, Attorney General of Minnesota, was sued and, of course, Justice Peckham spoke of that official's act, sought to be enforced, as the act of an individual. "If the act which the state attorney general seeks to enforce be a violation of the Federal Constitution, the officer, in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." 209 U.S. 123 at 159–160, 28 S.Ct. 441 at 454. The vital principle, however, is not the difference between an individual and a board; it is the difference between the State (the principal granted immunity) and its agents (public officials or public boards) when the act in question exceeds the agent's constitutional authority.

As Judge Tuttle wrote in Orleans Parish School Board v. Bush, "If in fact the laws under which the board here proposes to act are invalid, then the board is acting without authority from the State and the State is in nowise involved." In School Board of City of Charlottesville v. Allen, 4 Cir. 1956, 240 F.2d 59, cert. denied School Bd. of Arlington County v. Thompson, 353 U.S. 910, 77 S.Ct. 667, 1 L.Ed.2d 664, Judge Parker articulated the rationale in these terms:

> "It is argued that the doctrine thus laid down must be confined to individuals and may not be applied to corporate agencies of the state such as school boards. We see no grounds for such distinction. If high officials of the state and of the federal government, [see Philadelphia Co. v. Stimson, [223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570] supra] may be restrained and enjoined from unconstitutional action, we see no reason why a school board should be exempt from such a suit merely because it has been given corporate powers. A state can act only through agents; and whether the agent be an individual officer or corporate agency, it ceases to represent the state when it attempts to use state power in violation of the Constitution and may be enjoined from such unconstitutional action. While no such question was raised in the cases heard by the Supreme Court in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, and 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, the question was inherent in the record in those cases; and it is not reasonable to suppose that the Supreme Court would have directed injunctive relief against school boards acting as state agencies, if no such relief could be granted because of the provisions of the Eleventh Amendment of the Constitution."

In the Charlottesville School case Judge Parker pointed out that efforts to enforce performance of promises by a state agency are "a very different thing from enjoining a state officer or *state agency* from taking action violative of the Constitution". 240 F.2d at 63.

None of the "non-segregation" cases the Attorney General of Louisiana relies on involved an invasion by a state official of a federally protected constitutional right. The two Louisiana decisions are run-of-the-mine sovereign immunity cases. In Louisiana Land & Exploration Co. v. State Mineral Board, Judge Borah made the point that "the acts complained of are not without, but clearly within the Board's statutory power" and therefore were "actions of the sovereign, whether or not they are tortious under general law". 229 F.2d at 8. J. Ray McDermott v. Department of Highways, State of Louisiana was an ordinary tort action in admiralty arising out of a collision.

The Supreme Court clearly stated the controlling principle in Hopkins v. Clemson Agricultural College, 1911, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890. Clemson, a State College, had built a dyke across the river from the plaintiff's land causing his land to be flooded. The plaintiff sued the college for taking his property without due process of law. The court held that the action was not one against the State. Mr. Justice Lamar, for a unanimous court, said:

> "But immunity from suit is a high attribute of sovereignty,—a prerogative of the state itself,—which cannot be availed of by public agents when sued for their own torts. The 11th Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the state's citizens. To grant them such immunity would be to create a privileged class, free from liability for wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law * * *. Commissions have been enjoined from enforcing confiscatory rates. * * * Commissions have been

restrained from enforcing a statute which illegally burdened interstate commerce. * * * Other cases might be cited which deny public boards, agents, and officers immunity from suit. [cited cases omitted]". 221 U.S. 641, 644, 645, 31 S.Ct. 654, 656.

In Georgia R. R. & Banking Co. v. Redwine, the Supreme Court distinguished In re Ayers, 1887, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216, on the ground that the complaint was for specific performance of a contract, not a taking of property in violation of constitutional rights. See also Allen v. Baltimore & Ohio R. Co., 1885, 114 U.S. 311, 330, 5 S.Ct. 925, 29 L.Ed. 200. Cf. Larson v. Domestic and Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628, recognizing sovereign immunity when an officer acts within the authority conferred by a valid statute.

We acknowledge that there *is* a difference between an individual who may be stripped completely of his representative garb and a state agency inseparable from the State. We realize that an injunction, to the extent that it requires affirmative action by a state official, necessarily interferes with the administration of the State. But all of the corners of some useful fictions simply cannot be rubbed smooth. State immunity from suit under the Eleventh Amendment is an untidy area of the law. The time may even have come when it would be well to admit the realities, face up to the fact that in these actions against a state agency or public official the party at interest is the State, and hold that the Eleventh Amendment does not contemplate a suit based on state action contrary to the United States Constitution.[1] Until that time comes—if it should ever come—the "anomaly that enforcement of the Minnesota statute [in Ex parte Young] is state action for purposes of the Fourteenth Amendment but merely the individual wrong of Edward

T. Young for purposes of the Eleventh Amendment * * * seems indispensable to the establishment of constitutional government and the rule of law".[2] Once again, therefore, in an action against a state board, we hold that the district court was faithful to the useful fiction Ex parte Young ingeniously contrived.

The judgment is affirmed.

---

1. See 3 Davis, Administrative Law Treatise § 27.10 (1958).

2. Wright, Federal Courts § 48, p. 159, 161 (1964).