Sarah Louise McCOY, on behalf of herself and others similarly situated, Appellants,

v.

**LOUISIANA STATE BOARD OF EDUCATION et al., Appellees.**

No. 21567.

United States Court of Appeals Fifth Circuit.

May 24, 1965.

Norman Amaker, New York City, A. P. Tureaud, New Orleans, La., Jack Greenberg, New York City, for appellant.

William P. Schuler, Asst. Atty. Gen., New Orleans, La., Jack P. F. Gremil-

lion, Atty. Gen., Baton Rouge, La., George Ponder, Asst. Atty. Gen., New Orleans, La., for appellees.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

## PER CURIAM.

For the second time in this case and for the seventh time in recent years, we hold that a state agency is not immune from a suit to enjoin it from enforcing an unconstitutional statute, and the individual members of the state board need not be joined as party defendant. Again we repeat that the State cannot by statute or constitution make the State Board of Education a "special agency" free from suits to enjoin the board's actions in violation of federally guaranteed rights. McCoy v. Louisiana State Board of Education, 5 Cir. 1964, 332 F.2d 915; Louisiana State Board of Education v. Baker, 5 Cir. 1964, 339 F.2d 911.

There is no merit to other contentions of the Attorney General. In determining what is an appealable order under 28 U.S.C. § 1292(a) (1), courts look not to terminology, but to "the substantial effect of the order made." Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Ring v. Spina, 2 Cir. 1948, 166 F.2d 546.

The judgment below is reversed and the cause remanded to the district court with instructions that the district court take prompt, appropriate action, consistent with this per curiam opinion, to grant the requested relief.