**MOBIL OIL CORPORATION,**
**Plaintiff-Appellee,**

v.

**Claude KELLEY, Director of the Department of Conservation, et al., etc.,**
**Defendants-Appellants.**

**No. 73-1793.**

United States Court of Appeals,
Fifth Circuit.

May 6, 1974.
Rehearing Denied June 14, 1974.

William J. Baxley, Atty. Gen., George L. Beck, Deputy Atty. Gen., Myron H. Thompson, Asst. Atty. Gen., Montgomery, Ala., William T. Watson, Asst. Atty. Gen., University, Ala., for defendants-appellants.

W. Dewitt Reams, James D. Brooks, Mobile, Ala., Roy M. Talley, New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN, Circuit Judge, and RUBIN, District Judge.

ALVIN B. RUBIN, District Judge:

Mobil Oil Corporation invoked federal question and diversity jurisdiction in a suit against the director and members of the Alabama Department of Conservation and the director and members of the Alabama Oil and Gas Board. The district court determined that it had jurisdiction, and decided in favor of Mobil on the merits. The defendants appeal only the trial court's determination

that it had jurisdiction. The multiple issues presented by the effort to ascertain the answer to this apparently simple question require detailed analysis. But, to put the conclusion at the beginning, we decide that the district court had jurisdiction. ·

## I. DETERMINATION OF JURISDICTION

■ Jurisdiction refers to the court's competency to consider a case. In essence, it is authority "to decide a given type of case one way or the other." Hagans v. Lavine, 1974, —— U.S. ——, 94 S.Ct. 1372, 39 L.Ed.2d 577, 42 L.W. 4381. This is determined at the outset of the suit for reasons that are at least partially practical: the parties, the witnesses, and the public should not be put to the inconvenience and expense of a trial only to be told, after the trial is over, that they were in the wrong courthouse and must go to another for a new trial. Hence the determination whether a suit arises under the Constitution or laws of the United States rests upon "the plaintiff's statement of his own cause of action." Louisville & Nashville R. R. Co. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126. See also Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939; Skelly Oil Co. v. Phillips Petro. Co., 1950, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Chandler v. O'Bryan, 10 Cir. 1971, 445 F.2d 1045; 1 Barron & Holtzoff, Federal Practice & Procedure § 25 (Wright ed. 1960).

■ After jurisdiction has been determined to exist on the basis of the allegations of the complaint, the court has the power to decide the dispute between the parties even though the complainant ultimately fails to prove the cause of action on which jurisdiction was originally based. Bell, *supra*; Siler v. Louisville & Nashville R. Co., 1909, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753. Thus a complaint that alleges the existence of a federal question establishes jurisdiction,

even though the court ultimately decides that the plaintiff's federal rights were not violated. Bell v. Hood, *supra*; Hagan v. Lavine, *supra*; Southern Pac. Co. v. Van Hoosear, 9 Cir. 1934, 72 F.2d 903; State of Georgia v. Wenger, 7 Cir. 1951, 187 F.2d 285; Moore's Federal Practice ¶2.06[5].

## II. SCOPE OF ELEVENTH AMENDMENT

■ The State Immunity Amendment, adopted in 1798 as the Eleventh Amendment to the Constitution, prohibits the federal courts from hearing suits against one of the United States by a citizen of another state; it extends a like shield for actions against a state by its own citizens. Hans v. Louisiana, 1890, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842.

But this buckler has been limited to its exact constitutional width. As early as 1898, a bill to enjoin a state officer from executing an unconstitutional statute was held permissible, Smyth v. Ames, 1898, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819, because it sought to prevent the officers from acting without authority. If the state statute authorizing the act was unconstitutional, it did not protect the state officer from suit. The action was only against the individual officer, not the state itself; though, as has been pointed out, this construction is anomalous, for the only basis for relief under the Fourteenth Amendment is that the action of the state officer is state action. McGuire v. Sadler, 5 Cir. 1964, 337 F.2d 902; C. Wright, Law of Federal Courts § 48.

■ It is now rubric that state officials may be sued in federal court on the basis that the state statutes under which they are acting are unconstitutional. Ex Parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714; Alabama Pub. Ser. Comm'n v. Southern Ry. Co., 1951, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.[1] By like reasoning the state's im-

---

1. Since the Supreme Court's decisions authorize the type of suit brought here as to Oil and Gas Department officials despite the Eleventh Amendment armor, we do not con-

munity has been held not to shelter state officials from suit when it is claimed that their acts go beyond federal constitutional bounds, whether or not the constitutionality of the state statute is involved. Georgia Railroad & Banking Co. v. Redwine, 1952, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335. "A valid law may be wrongfully administered by officers of the state, and so as to make such administration an illegal burden and exaction upon the individual." Reagan v. Farmer's Loan & Trust Co., 1894, 154 U.S. 362, 14 S.Ct. 1047, 1051, 38 L.Ed. 1014. See also Alabama Public Service Comm., *supra*; Greene v. Louisville & Interurban R. Co., 1971, 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280; Williams v. Eaton, 10 Cir. 1971, 443 F.2d 422; Duckworth v. James, 4 Cir. 1959, 267 F.2d 224; Peay v. Cox, 5 Cir. 1951, 190 F.2d 123; Cook v. Davis, 5 Cir. 1949, 178 F.2d 595.

## III. THE COMPLAINT

In 1969 Mobil obtained four oil and gas leases on land in Mobile Bay from the Department of Conservation of the State of Alabama. Later it applied unsuccessfully to the State Oil and Gas Board for a permit to drill wells on lands covered by the leases. The complaint alleges that the issuance of such permits had always previously been routine, and there was no legal reason for the Director and members not to follow the usual practice.

■ The complaint, as amended prior to trial, is directed at state officials because, under the Eleventh Amendment, Mobil could not sue the State of Alabama or its agencies. While that part of the complaint focussed on the Oil and Gas Board does not plead a violation of federal constitutional rights in haec verba, it gives adequate notice of the existence of a claim that denial of the permit violated Mobil's rights to due proc-

ess of law under the Fourteenth Amendment since, in addition to its other allegations, it recites, "Jurisdiction of this Court is invoked pursuant to and in accordance with 28 U.S.Code, Sections 1331 and 1332, and amendment 14, Section 1, to the Constitution of the United States." The notion that the Fourteenth Amendment itself confers jurisdiction is inartful, but the notice thus given is clear. The claim, as pleaded, is substantial, and the complaint was therefore sufficient to confer jurisdiction on the District Court as an action arising under the Constitution of the United States. 28 U.S.C. § 1331. Hagans v. Lavine, *supra*.

Following the general jurisdictional recital, the complaint alleges that, when Mobil could not obtain a permit to drill from the Oil and Gas Board, it sought an extension of the leases from the State Conservation Department, with no results. It therefore also sued the director and members of the State Conservation Department. But Mobil nowhere alleged that the inaction of these officials violated any of its constitutional rights. Its sole contention with respect to the Conservation Department was, "There exists an actual and bona fide controversy between the parties as to whether the Director of the Department of Conservation is authorized to toll the running of the primary term of said leases for the time that Mobil as Lessee is precluded by action or inaction of the State or any of its officers or agents from drilling on said leases, and, if he has such authority, whether or not he should grant such extension under the circumstances alleged herein." The relief requested as to the Director of the Department was a decree that he "has the power and right to grant an extension" and an order that he "extend the primary terms of the four leases for the

---

sider whether, in the jurisprudence of the 65 years since *Ex Parte Young, supra*, was decided, a broader compass is given the effect of the Fourteenth Amendment on the Eleventh. Griffin v. County Sch. Bd. of Prince Edward Co., 1964, 377 U.S. 218, 84 S.Ct.

1226, 12 L.Ed.2d 256; Worcester County Trust Co. v. Riley, 1937, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268 (*dictum*); Louisiana St. Bd. of Ed. v. Baker, 5 Cir. 1964, 339 F. 2d 911; McCoy v. Louisiana St. Bd. of Ed., 5 Cir. 1964, 332 F.2d 915.

period of time prayed for above, without the requirement of payment of delay rentals or other charges. . . ."

Hence neither the facts alleged nor the claims made suggested a contention that the failure of Conservation Department officials to extend the leases violated its constitutional rights. The defendants promptly challenged the court's jurisdiction alleging its lack generally as well as their contention that this was in effect a suit against the state, hence barred by the State Immunity Amendment.

Whether there was jurisdiction of the claim made against the officials of the Conservation Department, then, is crucial because the sole relief awarded by the District Court was to extend the obligation and payments under the leases until 3 years and 76 days after the Oil and Gas Board shall have issued a valid drilling permit, that being the period of the lease term remaining when the permit was sought; and to extend the terms of the leases until the Oil and Gas Board shall issue a valid drilling permit. The order is not addressed in terms to any state official, but it must be directed to the director and members of the Conservation Department since the Oil and Gas Board could not grant such an extension, and the court clearly had no jurisdiction as to the state itself by virtue of the State Immunity Amendment.

After considering the evidence, the trial court construed the complaint as contending that all of the defendants had taken the plaintiff's property without due process of law, in violation of the Fourteenth Amendment. The court considered that the complaint, thus interpreted, claimed that the officials of the Conservation Department, as well as the officials of the Oil and Gas Board, had denied Mobil due process of law, and that this claim was not wholly insubstantial or frivolous.

We need not dwell on whether the words of the complaint, standing alone, would be a sufficient key to the federal court. The construction given the pleadings by the trial court after hearing the evidence, was not clearly in error. Had the invocation been insufficient, the court could have permitted the allegation of jurisdiction to be amended, as, indeed, this court could now do. 28 U.S. C.A. § 1653. That therapeutic legislation, originally designed to permit belated amendment to allege diversity of citizenship, was extended in the 1948 code revision to permit amendment of all jurisdictional allegations. That the trial court decided that a federal question was alleged should not cause us to reconsider his conclusion merely because we might read the bare words of the complaint differently. Since he could have permitted them to be amended to assert a federal question with precision, we look to whether there was substantial error in his ultimate jurisdictional conclusion.

## IV. PENDENT JURISDICTION

██ Decision has created an extension to the jurisdiction of federal courts to meet the needs of equity to litigants and judicial economy. Jurisdiction may be based on the assertion of a federal claim but the claimant may be unable to prove his allegations; the evidence may however prove a basis for relief under state law. In that event, a remedy may be granted by a federal court though a complaint based solely on the state claim would have been beyond the court's competency. Siler, *supra*; Wright, Federal Courts, § 19; See also Moor v. County of Alameda, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596. Similarly, where the complaint itself alleges a claim with respect to which federal courts are given jurisdiction and, in additional, a claim based on state law arising out of a common nucleus of operative fact, the federal court may adjudicate both claims in a single proceeding without requiring the parties to present the same facts to two different courts, United Mine Workers v. Gibbs, 1966, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218; Hurn v. Oursler, 1933, 289 U.S.

238, 53 S.Ct. 586, 77 L.Ed. 1148; Connecticut General Life Ins. Co. v. Croton, 5 Cir. 1968, 405 F.2d 41.[2]

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .,' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U.S. 103 [, 53 S.Ct. 549, 77 L.Ed. 515]. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." United Mine Workers v. Gibbs, *supra*, 383 U.S. at 725. See also Hagans v. Lavine, *supra*

■ Since a substantial federal claim was stated against the director and members of both the Oil and Gas Board and the Conservation Department, there was pendent jurisdiction of the

nonfederal claims on which the case was ultimately decided. We therefore do not need to address the question whether the assertion of federal question jurisdiction as to the officials of the Oil and Gas Board also conferred pendent jurisdiction of the claims against the officials of the Department of Conservation as additional parties.

This type of pendent jurisdiction has been called "pendent party" jurisdiction, to distinguish it from "pendent claim" jurisdiction, where the judicial power embraces only additional claims between the same parties. See Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 2 Cir. 1971, 441 F.2d 627; Leather's Best, Inc. v. S. S. Mormaclynx, 2 Cir. 1971, 451 F.2d 800; Almenares v. Wyman, 2 Cir. 1971, 453 F.2d 1075, and Professor Jo Desha Lucas' comments in Supplement to Moore's Federal Practice, ¶ 18.07 (Supp.1972) and compare Williams v. U. S., 9 Cir. 1969, 405 F.2d 951, and Wojtas v. Village of Niles, 7 Cir. 1964, 334 F.2d 797. See also Shannon v. United States, 5 Cir. 1969, 417 F.2d 256, and Connecticut General Life Insurance Company v. Craton, 5 Cir. 1968, 405 F.2d 41; and Comment (1974) 20 Loyola L.Rev. 176. The Supreme Court recently considered the issue in Moor v. County of Alameda, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L. Ed.2d 596, and, while recognizing a trend in the lower courts "to hear pendent claims involving pendent parties," chose not to decide the question.[3]

2. When jurisdiction is based on diversity of citizenship, the fundamental claim for relief is by definition based on state law. The issue of pendent jurisdiction arises when there is a lack of the requisite jurisdictional amount with respect to the pendent claim, when a case filed in state court is removed to federal court, or when it is sought to join in a pendent claim a new defendant—sometimes one with respect to whom diversity is lacking. Whether or not pendent jurisdiction lies in any of these situations is matter as yet undecided by this circuit. See, generally, Seyler v. Steuben Motors, Inc., 3 Cir. 1972, 462 F.2d 181; Hatridge v. Aetna Cas. & Sur. Co., 8 Cir. 1969, 415 F.2d 809; Stone v. Stone, 4 Cir. 1968, 405 F.2d 94; Campbell v. Triangle Corp., E.D.Pa.1972,

336 F.Supp. 1002; Sherrell v. Mitchell Aero, Inc., E.D.Wis.1971, 340 F.Supp. 219; Robison v. Castello, E.D.La.1971, 331 F.Supp. 667. If pendency of parties is extended to instances where federal jurisdiction is based on diversity, the long-held interpretation of the diversity statute as requiring complete diversity of parties would require reconsideration. See Strawbridge v. Curtis, 1806, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435.

3. "Whether there exists judicial power to hear the state law claims against the County is, in short, a subtle and complex question with far reaching implications. But we do not consider it appropriate to resolve this difficult issue in the present case, for we have concluded that even assuming *arguendo*

Mobil's claims against the officials of the two state departments was inextricably interwoven. They arose out of a common nucleus of operative fact. The trial court exercised its discretion wisely.

For these reasons, we conclude that the complaint as filed conferred federal question and consequent pendent jurisdiction over the director and members of the Oil and Gas Board and over the director and members of the Conservation Department.[4] The judgment of the district court is therefore affirmed.

---

the existence of power to hear the claim, the District Court, in exercise of its legitimate discretion, properly declined to join the claims against the County in these suits." Moor v. County of Alameda, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596.

4. The invocation of diversity jurisdiction was therefore unnecessary. We do not mean by

mentioning that plaintiff relied upon diversity of citizenship, to imply that this was appropriate. See, e. g. Ohio v. Wyandotte Chemicals Corp., 1971, 401 U.S. 493, 91 S. Ct. 1005, 28 L.Ed.2d 256; Harris v. Pennsylvania Turnpike Comm., 3 Cir. 1969, 410 F.2d 1332.