Harry LEWIS, Plaintiff-Appellant,

v.

TRANSAMERICA CORP. et al.,
Defendants-Appellees.

No. 75–1285.

United States Court of Appeals,
Ninth Circuit.

April 19, 1978.

Lester L. Levy, New York City (argued), of Garry, Dreyfus, McTernan, Brotsky, Herndon & Pesonen, San Francisco, Cal., for plaintiff-appellant.

Louis E. Walcher (argued), and John M. Anderson (argued), Landels, Ripley & Diamond, San Francisco, Cal., for defendants-appellees.

Before BROWNING and WALLACE, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

The plaintiff-appellant Harry Lewis (Lewis) appeals from an order entered by the District Court on November 21, 1974 dismissing the action with prejudice on the grounds "Section 206 of the Investment Advisers Act of 1940 (15 U.S.C. § 80b–6) [Advisers Act] affords no private right of action, and that consequently the Court has no jurisdiction of the plaintiff's claims . . . .." We vacate the order and remand.

*Lewis' Complaint:*

Lewis is a shareholder of the defendant-appellee Mortgage Trust of America (Trust), and his complaint presents three shareholder derivative and three class actions for violation of the Advisers Act and common law fiduciary duties. He alleges in substance:

The Trust was organized as a California business trust and is qualified as a real estate investment trust under the Internal Revenue Code. It invests primarily in construction and development first mortgage loans. None of its investments have been listed on any national or local securities exchange or offered for trading in any over-the-counter market. The original officers and employees of the Trust were for-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

merly associated with the defendant-appellee Transamerica Land Capital, Inc. (TALC), a "first tier" subsidiary of the defendant-appellee Transamerica Corp. (Transamerica). The Trust purchased from TALC its original portfolio of mortgages. The defendant-appellee Transamerica Mortgage Advisors, Inc. (Mortgage Advisors), a Delaware corporation and a "third tier" subsidiary of Transamerica, is retained as the Trust's mortgage adviser. It advises the Trust on various real estate investments and administers its day-to-day operations. The Trust is and always has been Mortgage Advisors' only client. Transamerica is the parent of Mortgage Advisors and the sponsor of the Trust. Nine individual defendants-appellees are trustees of the Trust.

*Lewis' Issue on Review:*

Does the Advisers Act give rise to an implied private right of action for injunctive relief and damages on behalf of persons injured by violations of its provisions?

*Defendants-Appellees' Issues on Review:*

In view of the naked holding of a lack of jurisdiction, the District Court did not reach the following issues which the defendants present for review:

(1) Whether the several defendants fall within the scope of the Advisers Act.

(2) Whether the class action claims are proper.

(3) Whether Lewis has standing to maintain a derivative action without having made a demand upon the trustees to act.

DISCUSSION:

Since the District Court did not first consider and adjudicate those issues raised by the defendants, we decline to now do so. *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Hector v. Wiens*, 533 F.2d 429, 433 (9th Cir. 1976).

At the time of the District Court's consideration of its ultimate order of dismissal of the action for lack of jurisdiction, the circuit case law on the issue was nil. At that time only the following District Court decisions were available for consideration: *Bolger v. Laventhol, Krekstein, Horwarth & Horwarth*, 381 F.Supp. 260, 263 (S.D.N.Y. 1974) (recognizing an implied private right of action). *Greenspan v. del Toro*, No. 73–638 CIV JE (S.D.Fla. May 17, 1974), *appeal dismissed for want of prosecution*, No. 74–2943 (5th Cir. Sept. 5, 1974); and *Gammage v. Roberts, Scott & Co.*, [1974–1975 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,761 (S.D.Cal.1974) (no private right of action).

We now have the benefit of the decisions of the Courts of Appeals for the Fifth and Second Circuits finding an implied private right of action under the Advisers Act. *Wilson v. First Houston Investment Corp.*, 566 F.2d 1235 (5th Cir. 1978); *Abrahamson v. Fleschner*, 568 F.2d 862 (2d Cir. 1977).[1]

---

1. See the following for support of the majorities' rationale in *Abrahamson* and *Wilson*: *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); and *Bolger's* clarifying discussion of the goal of Congress in enacting the Advisers Act, 381 F.Supp. at 263.

The following District Courts have, since the entry of the order of dismissal in this case, held that an implied right of private action exists under the Advisers Act: *Jones v. Equitable Life Assurance Society*, 409 F.Supp. 370 (S.D.N.Y. 1975), *accord, Angelakis v. Churchill Management Corp.*, [1975–1976 Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 95,285 (N.D.Cal.1975); and *Sullivan v. Chase Investment Services of Boston, Inc.*, 434 F.Supp. 171 (N.D.Cal.1977).

The Securities Exchange Commission has submitted to Congress a proposed amendment to the Advisers Act which provides explicitly for a private right of action under the Advisers Act. See Investment Advisers Act Release No. 491, 8 SEC Docket 744 (Dec. 15, 1975). In announcing its proposal, the SEC repeated its view that the existing language was sufficient to imply a private right of action. Its proposal was intended to put to rest those few decisions which have found no implied right of action. "The commentators who have reviewed these decisions agree that a private right of action should be implied under the Advisers Act. Note, *Private Causes of Action Under Section 206 of the Investment Advisers Act*, 74 Mich.L.Rev. 308 (1975); Lybecker, Advisers Act Developments, 8 Review of Securities Regulations 927, 934 (April 23, 1975); Note, *Bolger v. Laventhol, Krekstein, Horwarth & Horwarth: Private Rights of Action Under the Investment Advisers Act*, 48 Temple L.Q. 433 (1975)." *Abrahamson* 568 F.2d at 872, n. 17.

■ Without reiterating their able discussions, we adopt the rationale of the majorities in *Abrahamson* and *Wilson*. Accordingly, we hold that the implication of a private right of action for injunctive relief and damages under the Advisers Act in favor of appropriate plaintiffs is necessary to achieve the goals of Congress in enacting the legislation. The District Court holds subject matter jurisdiction to entertain such actions and pendens state claims pursuant to 28 U.S.C. § 1331.[2]

The District Court's order of dismissal is vacated and the cause remanded to the District Court for further proceedings consistent herewith.

ORDER OF DISMISSAL VACATED AND CAUSE REMANDED.

WALLACE, Circuit Judge, dissenting:

This case presents an issue of first impression in our circuit on which reasonable minds may differ. I recognize the strength of the opinions and the articles cited by the majority. I am persuaded, however, by the analysis of Judge Gurfein in *Abrahamson v. Fleschner*, 568 F.2d 862, 879 (2d Cir. 1977) (concurring and dissenting), and therefore respectfully dissent.

---

**2.** "The trial court stated that it was dismissing for lack of subject matter jurisdiction. According to the district court's analysis, the complaint more properly should have been dismissed for failure to state a claim upon which relief can be granted. *See Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 786 (CA5), *cert. denied*, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974). As pertains to the asserted cause of action under the IAA, general federal question jurisdiction is conferred by 28 U.S.C. § 1331 (1970). *See Abrahamson v. Fleschner*, 568 F.2d 862, at 867 n. 5 (CA2 1977) (the dissent and majority agree on this point)." *Wilson* 566 F.2d at 1237 n. 2.